# IN THE COURT OF APPEALS OF IOWA

No. 13-0835
Filed August 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LUKE CHARLES GOODON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

Luke Goodon appeals his judgment and sentence for first-degree theft by deception. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Patrick Jennings, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Luke Goodon appeals his judgment and sentence for first-degree theft by deception. He contends (I) there is insufficient evidence to support the jury's finding of guilt and (II) his trial attorney was ineffective in failing to pursue a statute of limitations defense.

## I. *Sufficiency of the Evidence*

The jury was instructed that the State would have to prove the following elements of theft by deception:

> 1. On or about January 1, 2006, through May 6, 2012, the defendant was receiving disability benefits from the Social Security Administration.
> 2. The defendant knowingly deceived the Social Security Administration in either of the following ways:
>     a. By creating or confirming a belief in the Social Security Administration that he was not able to perform substantial gainful activity, which was false and which he did not believe to be true, or
>     b. Failing to correct a false belief or impression of the Social Security Administration that he had previously created that he was unable to perform substantial gainful activity.
> 3. The defendant obtained disability benefits from the Social Security Administration by the deception.

The jury was further provided with a definition of "substantial gainful activity" and was given descriptions of applicable work activity.

A reasonable juror could have found the following facts. Goodon applied for social security disability benefits in 1979, alleging "[r]esiduals of auto accident where my back was broken & both ankles crushed."[1] The application was granted, and Goodon began to receive benefits.

---

[1] He also received benefits before that date but those benefits were terminated.

Special agents with the federal Inspector General's office interviewed Goodon in 2011. Goodon told them he was not capable of working, he had not worked in thirty-five years, and "he was at home 24/7." He also told them he had no role in a scrap metal business registered to his wife. A parade of witnesses refuted Goodon's statements.

Several farmers described Goodon's role in hauling metal for a fee. One testified he and Goodon picked up "close to 10,000 pounds" of scrap iron, either by hand or with a tractor. He said Goodon was "just as [physically] able as" he was. Another farmer testified that Goodon "run pretty good" on encountering a "big patch of bumble bees" as he searched for scrap metal.

Two of Goodon's ex-wives described Goodon's scrap metal and hauling work for businesses in their names. One testified Goodon made "[l]ots" of money, . . . anywhere from two to 5,000 sometimes daily." Another stated Goodon was the person who made contacts with customers.

The operations manager at a scrap processing yard provided a history of purchases the yard made "from Mr. Goodon or his various companies." An employee who worked at the front desk testified Goodon was one of her regular customers and, even after one of his companies was switched to an ex-wife's name, Goodon dropped off the metal fifty to sixty-five percent of the time.

Goodon's partner/employee, who agreed to cooperate with federal agents, testified that Goodon arranged to collect the scrap metal "80 percent of the time." According to him, Goodon "lined up the farm . . . lined up everything." This employee agreed to wear a wire and recorded a conversation in which Goodon confirmed he had paying jobs.

Notwithstanding this overwhelming evidence of substantial gainful activity, Goodon asserts "[t]he prosecution offered no evidence that [his] disability benefits had been terminated on the basis that he was engaged in a gainful work activity." In his view, a jury could not find him guilty of fraud unless jurors received evidence that the Social Security Administration formally found him ineligible to receive benefits. Goodon overlooks the Social Security Administration's payment worksheet admitted by the State, which revealed that Goodon's social security benefits ended after June 2012. Goodon also ignores a Social Security Administration employee's testimony summarizing Goodon's obligation to inform the agency of any substantial gainful employment he engaged in and her testimony that, if he engaged in "substantial gainful activity," his benefit amount would be zero. In sum, the State presented clear and unequivocal evidence that Goodon's benefits were terminated because he engaged in substantial gainful activity, notwithstanding the absence of a formal termination-of-benefits decision.

A reasonable juror could have found that the State satisfied all the elements of theft by deception. Because the record contains more than substantial evidence to support the jury's finding of guilt, we affirm. *See State v. Hennings*, 791 N.W.2d 828, 832-33 (Iowa 2010) (stating the jury's verdict is binding on appeal if there is substantial evidence in the record to sustain it).

## II.     *Ineffective Assistance of Counsel—Statute of Limitations*

Goodon contends his trial attorney was ineffective in failing "to pursue a statute of limitations defense." To prevail, Goodon must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*,

466 U.S. 668, 687 (1984).  The record is adequate to address this legally-grounded claim.  *See Hardin v. State*, No. 03-1089, 2004 WL 2947440, at *3 (Iowa Ct. App. Dec. 22, 2004).

Goodon cannot establish the breach of an essential duty because the trial information was filed well within the statutory three-year limitations period, which began to run from the last deceptive act he was alleged to have committed.  *See* Iowa Code §§ 802.3 ("In all cases, except those enumerated in [sections not applicable to this case], an indictment or information for a felony or aggravated or serious misdemeanor shall be found within three years after its commission."), 802.7 ("When an offense is based on a series of acts committed at different times, the period of limitation prescribed by this chapter shall commence upon the commission of the last of such acts.").  Accordingly, his ineffective-assistance-of-counsel claim fails.

**AFFIRMED.**